

Villanova University School of Law
Villanova University School of Law Digital Repository

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2004

# Second Baptist v. Twp Gilpin

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1434

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Second Baptist v. Twp Gilpin" (2004). *2004 Decisions.* Paper 42.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/42

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1434

_____

SECOND BAPTIST CHURCH OF LEECHBURG,
Appellant

v.

GILPIN TOWNSHIP, PENNSYLVANIA;
GILPIN TOWNSHIP SEWER AUTHORITY

v.

GILPIN TOWNSHIP SEWER AUTHORITY,

Third Party Plaintiff

v.

UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE, RURAL,
UTILITY SERVICE,

Third Party Defendant

Second Baptist Church of Leechburg,

Appellant

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(Civ. No. 03-1454)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 16, 2004

_____

Before: NYGAARD and GARTH, <u>Circuit</u> <u>Judges</u>, and POLLAK, <u>District</u> <u>Judge</u>[*]

_____

[*] The Honorable Louis H. Pollak, United States District Judge for the Eastern
District of Pennsylvania sitting by designation.

_____

## OPINION
_____

Garth, Circuit Judge:

Appellant Second Baptist Church of Leechburg (the "Church") appeals from the District Court's grant of a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, in favor of Appellees Gilpin Township (the "Township") and Gilpin Township Sewer Authority (the "Authority"). The Church sued the Township and the Authority under 42 U.S.C. §§ 1983 and 2000cc *et seq.*, challenging the facial and as applied legality of the Township's sewer ordinance (the "Ordinance") under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, as well as the corresponding provisions of the Pennsylvania Constitution. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. §1291. We will affirm.

## I.

Because we write solely for the parties, we recount the facts and procedural history only as they are relevant to the following discussion.

The Church believes and practices the Baptist faith. It has conducted religious worship and religious outreach activities from its church building and property since 1958. Gilpin Township is a municipal corporation formed under the laws of the Commonwealth of Pennsylvania. Gilpin Township formed the Gilpin Sewer Authority

2

and delegated to it all powers with regard to sewage within the township.

On May 7, 1984, Gilpin Township Ordinance No. 53 was enacted. The Ordinance is commonly referred to as a "mandatory tap-in ordinance." It requires that any principal building that is located within one hundred fifty feet of any sewer of the sewage system shall connect to it if so directed. On or about August 3, 2003, the Township notified the Church that it had completed construction of its 1999 sewage extension project and that the Church would now be required to "tap-in" to the Township sewage system because it was located 138 feet from the sewer line and was thus covered by the Ordinance.

The Church refused to comply with the Ordinance principally because it deemed the costs associated with the connection to be too onerous. As a result, the Township brought an enforcement action against the Church in Pennsylvania state court. A district justice found the Church in violation of the Ordinance but granted it time to "tap in." Prior to a compliance meeting before the district justice, the Church filed the present civil action and sought a preliminary injunction. In response, the Township and the Authority moved to dismiss the Church's amended complaint under Fed. R. Civ. P. 12(b).

**II.**

The District Court granted the motion to dismiss in favor of the Township and the Authority finding the Church failed to state a claim upon which relief could be granted. First, it dismissed the Church's claims predicated on RLUIPA, 42 U.S.C. §§ 2000cc. It held that RLUIPA was inapplicable to the Ordinance because the statute applied only to

3

zoning and landmark laws and the Ordinance was neither. Second, the District Court rejected the Church's federal constitutional claims because it found that the Ordinance neither interfered with nor violated the Church's constitutional rights. The District Court then declined to exercise supplemental jurisdiction over the Church's state law claims and so dismissed those as well.[1]

We exercise plenary review over the District Court's grant of a motion to dismiss for failure to state a claim. *See, e.g.*, *Board of Trustees of Bricklayers and Allied Craftsmen Local 6 of New Jersey Welfare Fund v. Wettlin Associates, Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). "We accept the allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. Only if it appears certain that a plaintiff could prove no set of facts supporting its claim and entitling it to relief do we affirm." *Id.* (citations omitted). Applying that standard here, we conclude that the District Court properly granted the Township's motion to dismiss.

## A.     Religious Land Use and Institutionalized Persons Act

RLUIPA provides in pertinent part as follows:

No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution –

(A) is in furtherance of a compelling interest; and

---

[1] The Church does not appeal that portion of the District Court's decision.

4

(B) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc(a)(1)(A), (B). RLUIPA defines a "land use regulation" as "a zoning or landmarking law . . . that limits or restricts a claimant's use or development of land (including a structure affixed to land), if the claimant has a . . . property interest in the regulated land . . ." *Id*. at § 2000cc-5(5). Thus, "a government agency implements a 'land use regulation' only when it acts pursuant to a 'zoning or landmarking law' that limits the manner in which a claimant may develop or use property in which the claimant has an interest." *Prater v. City of Burnside*, 289 F.3d 417, 434 (6th Cir. 2002).

Applying the foregoing to the present case, the District Court correctly held that the Ordinance does not fall within the RLUIPA definition of a "land use regulation" because the mandatory sewer tap was not enacted pursuant to a zoning or landmarking law.

On appeal, the Church argues that although the Ordinance does not directly involve a zoning or landmarking law, such laws could have been indirectly involved in the passage of the Ordinance. The Church cites no authority of precedential value to support this novel position and we see no reason to construe RLUIPA in such broad terms. Because the Ordinance is outside the scope of RLUIPA, the Church's claims under that statute must fail.

**B.    First and Fourteenth Amendments**

In the District Court below, the Church alleged that enforcement of the Ordinance

5

would violate its rights to free exercise, free speech, free assembly, equal protection and due process. The District Court did not address each of the Church's constitutional claims individually. Rather, it found that by enforcing the Ordinance, the Township and the Authority would not restrict the time of day or length of time the Church could worship, or the manner or content of the Church's religious services. Furthermore, it found that the Ordinance did not directly or indirectly inhibit the Church's access to its property. Thus, it concluded that the Church "simply cannot show that the neutral township ordinance at issue . . . interferes with or violates its free exercise of religion, its freedom of speech, its freedom of assembly, its right to the equal protection of the laws, and its right to due process of law." Dist. Ct. Op. at 5.

On appeal, the Church contends that the District Court failed to engage in a proper analysis of its First Amendment and equal protection claims. As an initial matter, the Church does not substantively address its free speech, freedom of assembly or due process claims in its brief on appeal. Therefore, it has waived those issues before this Court. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir.1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (citations and internal quotation marks omitted).

With respect to its free exercise and equal protection claims, while we agree that the District Court could have provided a more substantial analysis of the Church's claims,

we are satisfied that it reached the correct result in granting the Township's and the Authority's motion to dismiss.

"If a law is 'neutral' and 'generally applicable,' and burdens religious conduct only incidentally, the Free Exercise Clause offers no protection." *Tenafly Eruv Assoc., Inc. v. Tenafly*, 309 F.3d 144, 165 (3d Cir. 2002) (citing *Employment Div. v. Smith*, 494 U.S. 872, 879 (1990)). In the present case, the Church concedes that the Ordinance is neutral. Reading the amended complaint in the light most favorable to the Church, we find no facts that would support a claim either that the Ordinance is not generally applicable or that it directly burdens the Church's religious conduct. Pursuant to *Smith*, therefore, the Church's Free Exercise claim was properly dismissed.

Finally, as to its Equal Protection claim, the Church failed to plead any facts to establish under *Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985), that it was treated differently from similarly situated assemblies. 473 U.S. at 439 ("all persons similarly situated should be treated alike"). The present dispute is before this Court on a Fed. R. Civ. P. 12(b)(6) motion to dismiss and the Church's arguments about what it would prove through discovery are thus irrelevant. Its complaint fails to state a claim for relief under the Fourteenth Amendment and therefore we will deny that portion of the Church's appeal as well.

**III.**

Accordingly, we will AFFIRM the judgment of the District Court.